UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                  Case Number 16-20436

v.                                                   Honorable David M. Lawson

SHIRLEY DOUGLAS,

        Defendant.

_____/

## ORDER GRANTING UNOPPOSED MOTION TO AMEND OR CORRECT THE JUDGMENT

This matter is before the Court on the government's unopposed motion to amend or correct the judgment of sentence to include a forfeiture provision. The Court announced on the record at the sentence hearing that it would impose a forfeiture penalty, but no forfeiture provision was included in the judgment of sentence. The Court has reviewed the government's motion and the record of the proceedings and now finds that the motion should be granted.

On November 11, 2019, the Court entered a preliminary order of forfeiture which required the defendant to forfeit her interest in four bank accounts and one parcel of real property. Prelim. Order of Forfeiture, ECF No. 233. That preliminary order later was amended to strike the real property from the inventory of things to be forfeited. When the defendant pleaded guilty pursuant to an agreement under Rule 11 of the Federal Rules of Criminal Procedure, she agreed that the preliminary order of forfeiture would become a final order of forfeiture upon her sentencing. On December 19, 2019, the Court sentenced the defendant to 132 months in prison and three years of supervised release. During the sentence hearing, the Court announced on the record its imposition of a forfeiture penalty. However, the forfeiture was not included in the written judgment that subsequently was entered by the Court. The government subsequently moved for entry of an

amended judgment including the forfeiture penalty. Federal Rule of Criminal Procedure Rule 32.2(b)(4)(B) states that "[t]he court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36." The Court previously established a deadline for the defendant, through her appointed counsel, to file an opposition to the motion to amend or correct the judgment, if any she had. No opposition to the motion has been filed, and the time for doing so has passed.

The Court notes that the original judgment is the subject of a pending appeal. However, since the forfeiture was not included in the judgment, addition of that provision will not affect any aspect of the judgment that is implicated by the pending appeal. The Court finds therefore that it is appropriate to proceed with the entry of an amended judgment at this time. 16A Fed. Prac. & Proc. Juris. § 3949.1 (4th ed. 2016) (observing that in certain circumstances the district court may retain limited power to address aspects of the case not involved in an appeal, when the court's action "do[es] not threaten the orderly disposition of the . . . appeal.").

Accordingly, it is **ORDERED** that the government's unopposed motion to amend the judgment (ECF No. 271) is **GRANTED**, and an amended judgment separately shall enter.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 4, 2020