UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case Number 16-20436

v.                                          Honorable David M. Lawson

SHIRLEY DOUGLAS,

        Defendant.

_____/

## ORDER DENYING SECOND AMENDED MOTION
## FOR COMPASSIONATE RELEASE

On December 7, 2020, the Court denied the defendant's motion for compassionate release, because it found that the defendant had not shown that extraordinary and compelling circumstances justified a reduction of her prison sentence. On January 13, 2022, the Court denied an "amended motion for compassionate release," because it found that the defendant had not demonstrated that she had exhausted available administrative remedies before presenting to the Court her second request for early release. On January 26, 2022, the defendant filed a second amended motion for compassionate release. In support of that motion, the defendant submitted a purported record of exhaustion, which consists of a request for release that she submitted to prison authorities in April 2020. That administrative request — which predates the Court's ruling denying the first motion for compassionate release — is the same submission that was relied upon to demonstrate exhaustion when the defendant filed her first motion for compassionate release.

After reviewing the defendant's second amended motion, the Court finds that it must be denied for two reasons. First, to the extent that the motion seeks to revisit arguments previously considered by the Court, it was filed well beyond the deadline for seeking reconsideration of the prior ruling. Second, to the extent that the motion is premised on "new information" about the

defendant's health or the circumstances of her incarceration, it is procedurally deficient because it does not indicate that any fresh request for release on new grounds has been presented to and denied or ignored by prison authorities.

"Motions for reconsideration of non-final orders are disfavored," but, in any case such a motion "*must be filed within 14 days after entry of the order* and may be brought only upon the following grounds: (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision; (B) An intervening change in controlling law warrants a different outcome; or (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2) (emphasis added). The present motion does not identify any error in the Court's consideration of the facts or legal arguments that were before the Court when it denied the defendant's first motion for compassionate release. Moreover, the present motion was filed well beyond the time for seeking relief from the Court's ruling denying the first motion for compassionate release.

The motion fares no better with the presentation of any new information that the defendant says she uncovered after the prior ruling. After an inmate has sought and received full consideration of her request for compassionate release by the Court, where the grounds presented fully were considered, and the Court was not persuaded that discretionary relief was justified, she may not file a subsequent or "renewed" motion on new grounds without first — again — exhausting available administrative options for seeking release. If the defendant wants to advance a new request based on new information that has not been presented previously either to prison authorities or to the Court, then the law requires that she exhaust available administrative remedies before seeking judicial review. *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). The present

motion does not indicate that any effort was made toward administrative exhaustion of any *new* request for early release.

Accordingly, it is **ORDERED** that the defendant's second amended motion for compassionate release (ECF No. 376) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   February 14, 2022